Thank you, Your Honor. My name is David Ness. I represent the petitioner, the appellant in this case, Mr. Rusty Rogers. As the Court has gathered from the briefing, Montana has this unique system that allows prisoners, really quite commonly in fact, to file two applications for collateral review simultaneously or even in close proximity to one another. That's an application for sentence review and a petition for post-conviction relief. As a matter of policy, the division of the Supreme Court that hears the sentence review applications generally holds those applications in abeyance or continues those hearings until the petitioner gets through direct appeal and post-conviction. Could I ask you a question because I'm not familiar with Montana procedures except for what I've learned about it through this case? Would it be fair to say or am I oversimplifying it? It says if you're a defendant convicted of a crime in the Montana State Court, you basically have two avenues for relief. One relates to the question of guilt or innocence or fair trial, constitutional issues, things like that, that you raise by appeal to the Montana Supreme Court because there's no intermediate appellate court, and the second is a review of your sentence, which is handled by the SRD. Is that a fair summary or separate? There might be four because there's direct review by the Montana Supreme Court. There's a petition for post-conviction relief. There's a habeas corpus petition, which is available in very limited circumstances, but it is available on guilt and innocence type issues or sentencing issues. And then there's the sentence review procedures. All right. Well, then let me amend my question so that Montana has all of those that you describe, but the sentencing review is only done by the SRD. That is correct. That's correct. The SRD is a division of the Supreme Court, am I correct? Yes. So it's judicial post-conviction review. It is judicial. There's district court judges that are appointed on a rotating basis. And it deals only with the fairness of the sentence, not the legality of the sentence? In other words, if you were going to ‑‑ if you were on a ‑‑ and like Judge Baleson, I'm trying to understand the Montana system. Is the Montana system with respect to sentence review similar to the Rhode Island system that the Supreme Court reviewed in the ‑‑ the name is ‑‑ I'm not sure how to pronounce the name correctly, but you know the case. I think it's somewhat similar. In other words, the judge says not is this sentence legal, did somebody sentence somebody more than the term that was allowed, but rather is it fair in the greater context of other sentences? I think as actually the magistrate pointed out in his findings and recommendations, there may be cases where they would look at the legality of a sentence. I mean, they're not supposed to really. And you are correct. Usually it's the Montana Supreme Court that looks at the legality of the sentence, and the sentence review division looks at the sentence basically to ensure there's consistent ‑‑ there's sensing consistency and things of that nature. Okay. So let me just follow that up. So if a lawyer just may inadvertently or incorrectly raise the sentencing issue on the direct appeal or on post‑conviction relief, would either the trial court or the Supreme Court refer that to the SRD, like automatically say this is a sentencing issue, we're going to refer it to the SRD? I don't ‑‑ I don't think they would do that sui sponte, no. If ‑‑ because if it involved, for instance, Mr. Rogers in his direct appeal raised a sentencing issue, but that was a question of the sentence's legality. So that is something that the Montana Supreme Court would hear. If he raised, you know, an issue concerning that a sentence was unfair or it was too long, what the Supreme Court would do would just simply say that's not for us to hear. If you want to raise that, raise it before the sentence review division. Can you ‑‑ the issue in this case is whether or not the application for sentence review was pending for some period of time. Right. The Montana Supreme Court said it was held in abeyance. What ‑‑ and that's all we have. So tell me why abeyance means pending. I don't know. You know, actually, if you look at the order signed by Judge Uruguayan, I think you'd pronounce his name, it says order continuing sentencing hearing. You're right. He continues the hearing, and then it says we were going to have ‑‑ we had a hearing scheduled for a certain date, which I'm sure probably pops up automatically when you file your application. They said hearing. Right. And he said, well, the hearing's continued, not to a date certain, and this will be held in abeyance. And I take it the State's position is that abeyance doesn't mean pending because that's the ‑‑ we all agree this is the kind of postconviction review proceeding that qualifies given the Supreme Court case. Right. So the central issue in this case to me seems to be whether abeyance means pending. I think that's it. Help me on it. The State says no. You say yes. Why yes? Why yes? I guess as I stated in my opening brief, you know, what does abeyance mean? Abeyance means temporary inactivity. Continuance means, according to Black's dictionary, an adjournment or postponement of an action pending in court. So I don't think just simply because something is held in abeyance means that it's no longer pending. I don't understand that. And I also cited, you know, cited cases where both this Court and the United States Supreme Court talk about those cases are being held in abeyance pending a decision in this ‑‑ those cases are pending and held in abeyance until, you know, we decide such and such a case. What would happen in these cases if you never filed a postconviction review proceeding? In other words, nobody is arguing about the time covered by the appeal. So the Court says to you, do you intend to file a PCR? And you say yes. And then you never do. What happens? You know, I was kind of trying to run those scenarios through my head. The district court's decision here automatically gives people the 60 days, I think, to file their sentence ‑‑ their sentence review application. At the end of the ‑‑ after the PCR. After the PCR, or I think you could argue after direct appeal. Is it relevant, though, that you're ‑‑ Mr. Rogers never contacted the SRD to reactivate his sentence review? I don't ‑‑ I don't view that as being relevant. Well, he's ‑‑ one of the policies behind the one‑year statute of limitations that Congress has established is that the postconviction petitions proceed, you know, with ‑‑ without delay. Or it doesn't always happen, but at least that's the goal. And would there be any grounds to conclude that your client delayed, purposely delayed this by not reactivating his sentencing petition? And then he had a, you know, this is something he should have done, and he didn't do it. And why should he therefore have some benefit of an interpretation of the law that would give him credit for ignoring the limitations period he had under Montana law? Well, I think I can give you a few answers to that. One, there's no evidence that he did this purposely to inject delay into the system. There's ‑‑ Well, I assume that, but he did. He did delay it. The other thing I would say is that, you know, usually when we're speaking about delay, I don't see an incentive for someone that's serving a term of years to delay action that may get them out of prison. You know, to purposely file things is just going to make things delay. There may be very limited cases where that ‑‑ someone may come up with that idea, but normally they're trying to get out of prison just as quickly as possible. And in that connection, the Court should know this, the sentence review does not apply to ‑‑ to prisoners sentenced to death. It only applies to those that are serving a term of years. And then I guess fourth, I would just quote the court in, you know, Cary v. Saffold where they said to the extent the California system may create delay, they can fix it. Although in Cary, and then the cases afterwards, it makes it very clear that even though California may tolerate long delays in its rather odd system of not having appeals but separate and largely independent petitions, the court makes it very clear that the court requires that we, for purposes of the AEDPA statute of limitations, require at least some limitation on the length of that gap. Even if California doesn't choose to do so. Right. Right. So is there such a limitation here? That's what I'm trying to figure out. The postconviction ‑‑ the sentence reduction application is denied as a matter of operation ‑‑ under operation of law 60 days after the end of your PCR proceedings if you don't reactivate it. Is that right? That's ‑‑ It's either right or wrong. And I'm trying to answer that because I think the sentence review division acts so informally, I don't know that's necessarily true. They say ‑‑ Well, here's my concern. See if you can respond to it. Okay. Can you keep the time for filing a habeas alive indefinitely by timely filing a postconviction sentence reduction proceeding and then just never following up on it? No, I do not think so. So how does it end? I think whether it comes in 60 days or ‑‑ I have another case that this Court may be hearing involving this issue where it was dismissed a little bit later. Once it's dismissed, then I think tolling stops. Well, I assume that because you've got a 60‑day requirement that you have to file your sentence review application either within 60 days after your final appeal takes place is finished or after your state habeas is finished or if you don't file state habeas within 60 days after a statute of limitations for filing state habeas is finished. I mean, there's going to come a point where it's just not ‑‑ where that 60 days is going to start running. Yes. Yes, it does. Let me ask you this. I was impressed by the thoughtfulness and care of the opinions written by both the Magistrate Judge and the District Court here. And it seems to me that they went along with you for a substantial way on what the words mean in an ordinary application. That is to say, we all understand that it is pending ‑‑ rather, that the sentence review proceeding counts as a proceeding if it is pending, so it's not treated differently from a habeas on that point. But both of them seem to be driven really not so much by what the words say and what they mean in their ordinary context, but rather by policy considerations. I would agree with that. That that just gives the ‑‑ it just gives the prisoner too long. How do you respond to that? I think I respond to that with the four points really that I just made, but probably primarily is that to the extent this causes a problem for the State, the State can fix it. By what means? Well, the State can fix it through legislative action. The Sentence Review Division, I assume, could actually dismiss without prejudice. Refusing, in other words, to hold it for a stay in abeyance. Right, right. And so then it wouldn't be pending. Yeah, okay. So if the State doesn't like it, the State can fix it quite easily. I don't think it even needs legislation. I think it just needs the Sentence Review Commission to change its policy and say, when he says, would you hold it in abeyance, they say, no, we'll hold on to the filing so you don't have to file it again, but it's dismissed. Yes, I agree. Okay. Let's hear from the State and then we'll give you a chance to respond. Good morning. Thank you, Your Honors. May it please the Court, my name is Jonathan Krauss. I'm an Assistant Attorney General with the State of Montana representing the State Respondents and Appellees in this case. I guess maybe following up on that last thought and discussion regarding, you know, wouldn't it be easier to simply have the SRD dismiss the application and then move on, I think the practical effect or the net effect is the same as what happened in this case. Well, is it? Is it? I mean, you're asking us to treat it effectively as if it were dismissed. But the Court, the order doesn't say that. It says the hearing is vacated, the application will be held in abeyance pending notification. In the normal, as your colleague said, in the normal understanding of the world, holding something in abeyance, it pens. Why isn't this a pending application? Well, in this case, looking back to how sentence review as a collateral process functions, it functions in a sequential manner to come after direct appeal and after postconviction. Okay? Yeah. But as I understand it, you're not contending. You have a very good argument in this case, I think that could have been made, that this wasn't a properly filed application for postconviction or sentence reduction, but you've waived that argument. That's correct. So we have this strange thing where it gets filed a little bit. It doesn't get filed in the sequence it might have normally got filed. They could have waited until the end of the process and then filed it. That's correct. But isn't it still pending for that whole time? For the time in which it was the words used were held in abeyance. However, if the words used were we dismiss the application, the rules still permit the application to be revived, to be refiled within 60 days. So the net effect is the same whatever words you use. As of that moment, when the SRD ordered the hearing, vacated, the application held in abeyance and gave the opportunity to come back and reactivate the application in effect because there was no reactivation of the file. That was the final resolution of this case. Yeah, but we don't know that until he decides for whatever reason that he doesn't want to reactivate it. True. We don't know that. So on July 16th, he could have reactivated it. I think 60 days expired on, maybe my numbers are wrong. It looks to me like the 60 days expired on July 17th of 2011. Correct. PCR was complete in May and then he had 60 days to reactivate it. So on July 16th, he could have reactivated it, correct? And the State believes that at that point, it would have started to be pending again. Because something, because the application would have been before the SRD. When it held it in abeyance, there was no longer any review occurring. The review in this case, or in these cases in SRD, is to have a hearing where they look into the sentencing considerations. They look at the PSIs and the judgments and any other information that was before the sentencing judge to find out whether, three things, is the sentence excessive, was it just right, and should it stand as is. So that's what's happening. When the hearing was originally scheduled for February 8th, that decision was pending. If the Court, and I say the Court, but I mean the Sentence Review Division. Sure. And their initial order had said, we schedule a hearing for July 16th, 2011. Let us know within 60 days of that day whether you want us to have the hearing. Would the case have been pending? I mean, you say it's the equivalent of a dismissal. It seems to me like it's the equivalent of scheduling a delayed hearing at the defendant's request. Isn't it pending under the Second Circuit? Well, that's a more interesting fact to make, maybe make that argument. Again, we need to focus back on what, how, how this process functions in putting it off to the end. That's an issue that is conceded by Mr. Rogers. It was conceded in the, both in the district court below in response to our motion to dismiss, in response to the findings and recommendations, and then also in his briefs on appeal. There's no doubt that this is how it's supposed to work, is hear it after PCR is complete. And the order that was issued here just made that happen. So factually, we have the sentence review actually performing its function as everyone agrees it functions. Do you agree that with the answer to Judge Fletcher's question that your colleague gave that this is pretty easily fixed, the Sentence Review Division can either say these can only be filed within 60 days after the end of your PCR or direct appeal, or if they're pending too long, the State can go into the Sentence Review Division and say this thing has been hanging around forever. Please rule. Sure. There's lots of ways to navigate through this. I think one of the issues is that it was created to be a fairly simple process of making it easy to apply. Right. Or can I say it this way, another easy fix, I want to make sure it might be available, could the Sentence Review Division simply say, well, if you ask us to cancel the hearing and hold your petition in abeyance so that you can then pursue your State PCR, no, we'll not do that. We're going to dismiss. And then when you're finished with your State PCR, you come back within 60 days after the finish of that. Would that require any statutory change in Montana or just a policy change within the Sentence Review Division? I think it would almost only require a change in how they issue their orders or word their orders. So it comes down to simply changing the semantics. So if we were to hold that on the circumstances of this case where they held it in abeyance, that that is pending for purposes of the statute of limitations so that he's okay. But if Montana doesn't like it, all they have to do is change their vocabulary and all of a sudden that device is no longer available to seek a review. That's correct. Has Mr. Rogers ever had his sentence reviewed by the SRD? No. He could still do that. Tomorrow he could initiate that, couldn't he not? I think not. The time has run. Well, let me say that the rules do provide for a late application. So he could conceivably file an application. All right. But he could have done it any time between when he filed his 2254 on March 9th, 2012 and today. I mean, he's had three years he could reactivate his SRD. Is that correct or not? Well, under the rules, there's three times that you may apply, 60 days after sentence, 60 days after end of the appeal, 60 days after PCR. So at that point, an application would be late after 60 days. But it wouldn't be, it could be accepted for good cause. Can I ask you what, did anything happen on July 17th, 2011, or is that just when the 60 days that the court, that the MSRD told Mr. Rogers that he had to give notification? Nothing happened. The last thing in the record in this case was the January 31st, 2008 letter from the SRD to Mr. Rogers. So is his application still pending? Well, I believe that that is the danger of Mr. Rogers' position on appeal, is that in effect you file a properly filed application after your sentence is complete and it runs indefinitely. Well, but hasn't he failed to comply with the court's order, which is that he has to notify them within 60 days after the end of his final appeal? Yes. But there's no, the court didn't do anything. It didn't say defaulted or. Right. Okay. And as some of these cases are rising up through the ranks, we've had more conversations with the SRD and they're aware of some of these issues and it really truly is an informal process and. Okay. Well, I should, I'm going to amend the question I asked you before because I, his petition was never denied. He filed and it's still in abeyance. Isn't that correct? We're still pending, whatever you want to call it. Actually, technically, I think December 23rd of 2013, they closed the file. Why? Inactivity. Well, does the rule provide for that? Is that equal to a denial or is it like in suspense that it's. There's nothing in the rules about it. I see my time is up. But let me ask you, is the closing of the file somewhere in the record? I didn't see that. No, it's not. Okay. No, the last thing in the record, as I said, was the January 31st letter. It strikes me that this case doesn't matter very much in the following sense that all you really need is a clear statement out of us or maybe the United States Supreme Court as to how is this going to be handled. And then Montana, either the Sentence Review Division or somebody else can say, okay, if that's how you guys are going to handle it, we can control how this is going to work. You just need us to tell you what we think is the rule and then you can work with it, including making this such that if we were to hold that it was pending during this entire period, you can say, oh, we can fix that. All you need to know from us is, okay, what are the rules that we've got to deal with? I believe that's correct. And as long as Your Honors understand enough about what happens at the Sentence Review Division, then you can decide that. Both sides have been actually very helpful on this point. Okay. Great. Well, thank you very much for your time. Okay. Thank you. Response? You don't need to respond if you don't want to. I don't, unless the Court has further questions. Okay. Thank you very much. I hope you enjoy your trip from Montana and safe travels home. I've got to get out of here before the President arrives. Yeah. A lot of us have to leave town before the authorities show up. Okay. Rogers v. Ferrer, submitted for decision. Thank you. And that's the end for this morning. We'll be back tomorrow.
judges: Baylson, Fletcher, Hurwitz